UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:19-CR-44-JD-MGG |
| | ) | |
| DONALD BREWSTER | ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Donald Brewster's Motion for Compassionate Release [DE 42]. For the reasons stated below, the Defendant's request is DENIED.

### I.  BACKGROUND

On April 24, 2019, the Defendant sold 0.4 grams of heroin to a confidential informant. *See* Presentence Investigation Report (PSR) ¶ 5, DE 24. On a recorded surveillance video, the Defendant warned the informant that a previous customer had overdosed from this batch of heroin. *Id.* The informant also inquired about purchasing a firearm. *Id.* The Defendant stated that he would be willing to sell him a Glock pistol with a 50 round drum magazine or an AR-15 rifle. *Id.*

On May 8, 2019, the Defendant and the informant had a phone call that was secretly recorded by law enforcement. *Id.* ¶ 6. During the phone call, the Defendant stated that he would sell the informant a Bersa pistol for $350.00. *Id.* The Defendant also agreed to sell the informant more heroin. *Id.*

On May 9, 2019, the informant arrived at the Defendant's apartment. *Id.* ¶ 7. The informant purchased the Bersa pistol for $350.00. *Id.* The informant also purchased 0.2 grams of heroin from the Defendant. *Id.* During the controlled buy, the informant observed a rifle with a high capacity magazine and a Glock pistol with a 50-round magazine. *Id.*

On May 13, 2019, a police officer pulled over the Defendant's vehicle for speeding. *Id.* ¶ 8. The Defendant was cited for operating a vehicle without a license and his vehicle was impounded. *Id.* The officer searched the vehicle and found a loaded Glock pistol under the driver's seat. *Id.* The Defendant stated that the gun was for his protection. *Id.*

On May 15, 2019, federal agents and local law enforcement executed a search warrant upon the Defendant's apartment. *Id.* ¶ 9. Investigators recovered an AR-15 rifle, large capacity magazines that were loaded with ammunition, body armor, multiple rounds of assorted firearm ammunition, 2.4 grams of marijuana, a scale, and various drug packing materials. *Id.*

On June 12, 2019, the Grand Jury indicted the Defendant for (Count 1) knowingly and intentionally distributing a mixture and substance containing a detectable amount of heroin; (Count 2) knowingly and intentionally distributing a mixture and substance containing a detectable amount of heroin; and (Count 3) felon in possession of one or more firearms. DE 3, pp. 1-3; *see* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1).

On August 13, 2019, the Defendant pleaded guilty to all charges. DE 18. On November 26, 2019, the Court sentenced the Defendant to 51 months of imprisonment on each count with sentences to run concurrently. DE 29. The Defendant is currently housed at FCI Milan in Michigan. *See* INMATE LOCATOR, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Aug. 24, 2020). The Defendant is currently 27 years old, and his projected release date is December 26, 2022. *Id.*

On July 27, 2020, the Defendant filed the instant request for compassionate release.[1] The Defendant argues that his prison has experienced significant levels of COVID-19 and that social

---

[1] The Court notes that the Defendant's request for compassionate release was denied by the Bureau of Prisons. DE 4, ¶ 10. The Government does not argue that the instant request is procedurally improper.

2

distancing is impossible. DE 42, ¶¶ 4-6. The Defendant argues that his history of asthma and bronchitis make him especially vulnerable to COVID-19. *Id.* ¶¶ 7-9. However, the Defendant was unable to produce medical records regarding his treatment for bronchitis. *Id.* ¶ 8.

## II.  DISCUSSION

The Defendant requests that his sentence be reduced due to his health conditions and the ongoing COVID-19 pandemic. For the reasons stated below, the Defendant's request is denied.

In relevant part, 18 U.S.C. § 3582(c) empowers the district court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020). "In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic." *United States v. Stewart*, No. 3:13-CR-126, 2020 WL 3428033, at *2 (N.D. Ind. June 23, 2020); *see also United States v. Root*, No. 1:11-CR-69, 2020 WL 4783635, at *2 (N.D. Ind. Aug. 18, 2020). "To the extent that they are applicable, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)." *Stewart*, 2020 WL 3428033, at *2.

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction. *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *2 (C.D. Ill. May 12, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020)).

3

"Whether to grant relief pursuant to 18 U.S.C. § 3582(c)(1)(A) is left to the sound discretion of the district court." *Stewart*, 2020 WL 3428033, at *2.

In this case, the Defendant argues that he is especially vulnerable to COVID-19 due to his history of bronchitis and asthma. DE 42, p. 3. Certainly, the Court is aware that such respiratory conditions may increase the risk of severe illness developing from COVID-19.[2] However, the Defendant failed to provide any evidence demonstrating that he actually suffers from bronchitis. *Id.* ¶ 8. Furthermore, the Defendant's claims regarding the severity of his asthma are undercut by confidential information contained within the record. *See* PSR ¶ 66. Furthermore, the Defendant's asthma appears to be properly managed by the Bureau of Prisons. *See* DE 42-1, pp. 1-2. Thus, based upon the record in this case, the Defendant's medical history does not weigh in favor of a sentence reduction. *See*, *e.g.*, *United States v. Goodloe*, No. 2:18-CR-141, 2020 WL 3888175, at *3 (N.D. Ind. July 10, 2020) ("There is nothing about Goodloe's asthma or history of bronchitis in general which would constitute an extraordinary or compelling reason to reduce Goodloe's sentence."); *Council*, 2020 WL 3097461, at *5 ("Turning to Defendant's personal health conditions of sleep apnea, asthma, hypothyroidism, and obesity, the Court finds that, even in the context of the COVID-19 pandemic, these conditions do not constitute an extraordinary and compelling reason to justify a sentence reduction."). Furthermore, the Court emphasizes that the Defendant is a 27-year-old male who is in relatively good health. *See United States v. Hamlin*, No. 17-cr-175, 2020 WL 1703848, at *6 (E.D. Wis. Apr. 8, 2020) ("While it appears that the defendant may be at a higher risk than a thirty-year-old with no underlying health

---

[2] *See, e.g.*, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Aug. 24, 2020).

problems, it is not clear that he is at a significantly greater risk for severe illness if infected, compared to someone who is older or someone with severe illness or comprised immunity."). Thus, based upon the unique facts of this case, the age and health of the Defendant do not weigh in favor of release.

Regardless of the Defendant's health, the Court finds that a sentence reduction is not warranted due to the factors set forth in 18 U.S.C. § 3553(a). In relevant part, this statute provides that a court must consider the need for a sentence "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). The Defendant was in possession of several handguns, an AR-15 rifle, a large quantity of ammunition, body armor, and extended magazines. PSR ¶ 9. Moreover, the Defendant was willing to sell his firearms to the confidential informant. *Id.* ¶¶ 5-7. Further, the Defendant was driving a vehicle with a loaded firearm under his seat. *Id.* ¶ 8. Thus, the Defendant represents a serious threat to public safety. *See* 18 U.S.C. § 3553(a)(2)(C). Further, the need for the sentence to afford adequate deterrence, provide just punishment, and to reflect the seriousness of the offense are especially relevant in this case. *See* 18 U.S.C. § 3553(a)(2)(A)-(B). Namely, the Defendant is a young male in relatively good health, he has only served 12 months of his 51-month sentence, and he sold heroin and a firearm to a confidential informant. Thus, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh strongly against release. Accordingly, the Defendant's request for compassionate release is denied.

### III.  CONCLUSION

For the reasons stated above, Defendant Donald Brewster's Motion for Compassionate Release [DE 42] is DENIED.

SO ORDERED.

ENTERED: August 28, 2020

                                                  /s/ JON E. DEGUILIO  
                                                  Chief Judge  
                                                  United States District Court